## RICHARD FOWLER *versus* FRANCIS BUSH.

A mortgage was given as security for a note payable in instalments ; and after the first instalment had become due, the mortgagee called on the mortgager for payment, saying that he could sell the note and mortgage, if such instalment were paid. The mortgager thereupon gave a negotiable note for the amount due, payable in four months, upon which the mortgagee proposed to raise money at a bank ; and the following indorsement was, at the same time, made on the original note : " Received the first instalment on the within, of $402·78." The mortgagee subsequently assigned the mortgage and the original note　It was *held*, that this was a payment of such instalment and not a mere change of security for the same debt, and that the mortgage was discharged *pro tanto.*

WRIT of entry upon a mortgage.

The parties stated a case.

The plaintiff claimed possession by virtue of a deed of mortgage from the defendant to Samuel Burbank, dated August 6, 1833, and given to secure the payment of a note of the same date for the sum of $1725, which was payable in three annual instalments, with interest annually, the first instalment of $402·78, being due on the 6th of August, 1836.　On the 13th of August, 1836, the mortgage and note were assigned by Burbank to Jonathan M. Marston, interest having then been paid for two years only.　In September, 1836, Marston called on the defendant for payment of the first instalment, and one year's interest, which were both then overdue, saying that he could sell the note and mortgage to the plaintiff if such instalment and interest were paid.　The defendant thereupon offered to give his note for the amount due, upon which Marston proposed to raise money at the bank ; and to this end a note was made by the defendant, dated on the 6th of September, 1836, payable to Marston or his order, without interest, in four months,

for the sum of $518·93, this sum being the amount of the first instalment and one year's interest, with interest thereon until the new note became due. At the same time, the following indorsements were made on the original note : " Received interest for one year to August 6, 1836. Received the first instalment on the within, of $402·78."

On the 19th of September, 1836, Marston assigned the mortgage and the note first mentioned, to the plaintiff, and about that time indorsed to the bank the new note. Before the maturity of the new note, the defendant, whose credit at the date thereof was perfectly good, failed, and the note was paid at its maturity, by Marston, as indorser ; but it had not since been paid by the defendant.

If the Court should be of opinion, that the amount indorsed upon the first note on the 6th of September, 1836, was a payment, so that the mortgage was discharged *pro tanto*, judg ment *nisi* was to be rendered for the residue upon the note ; otherwise, judgment was to be rendered for such residue, together with the amount of the new note.

*E. Fuller*, for the plaintiff, cited *Davis* v. *Maynard*, 9 Mass. R. 242 ; *Crane* v. *March*, 4 Pick. 131 ; *Watkins* v. *Hill*, 8 Pick. 522 ; *Pomroy* v. *Rice*, 16 Pick. 22.

*Hopkinson*, for the defendant.

SHAW C. J. subsequently drew up the opinion of the Court On the question, for what sum the conditional judgment shall be rendered in favor of the plaintiff, as assignee of the mortgage, the Court are of opinion, that it must be for the two last instalments of the note only and interest. The indorsement on the note, of a receipt of payment of the first instalment, is *primâ facie* evidence of payment ; and the other facts agreed confirm, instead of rebutting this presumption. Payment by a negotiable note, shall operate as a discharge and extinguishment of a prior debt, when so intended by the parties. The rule of this Commonwealth differs from that of the common law, only in determining what shall be presumed to be the intent of the parties, from the fact of giving and accepting a negotiable note, for a simple contract debt. Without further evidence of intent, we construe it to be payment, but the common law deems it collateral security. But this presumption may be

Fowler
*v.*
Bush.

controlled by other evidence, and when ascertained, such intent shall govern.   *Maneely* v. *M' Gee*, 6 Mass. R. 143.

In this case the evidence shows, that the new note was intended to operate as payment and extinguishment of the debt *pro tanto*, and not as the change of security for the same debt.

The cases cited are very distinguishable.   *Davis* v. *Maynard*, 9 Mass. R. 242, was where a recognizance of record was taken in lieu of the note.   The result is the same as if a judgment had been rendered on the note, a mere change in the form of the personal security for the same debt.   *Crane* v. *March*, 4 Pick. 131, turns on other points.   *Watkins* v. *Hill*, 8 Pick. 522, was decided on the ground, that the new note was a mere renewal, and not intended as payment of the debt. *Pomroy* v. *Rice*, 16 Pick. 22, was decided on the same ground.

*Judgment for the plaintiff accordingly.*